Corey FREEMAN, Plaintiff,

v.

**KEY LARGO VOLUNTEER FIRE AND RESCUE DEPARTMENT, INC.,** and Key Largo Fire Rescue and Emergency Medical Services District, Defendants.

Case No. 10–CV–10111.

United States District Court,
S.D. Florida,
Key West Division.

Jan. 20, 2012.

Robby Thomas Cook, Rob Cook Attorney at Law P.A., St. Augustine, FL, Thomas Edward Woods, Key Largo, FL, for Plaintiff.

Dale James Morgado, David V. Peery, Feldman, Fox & Morgado, P.A., Miami, FL, Andrew Mitchell Tobin, Tavernier, FL, Bradley Abraham Tobin, Feldman, Fox & Morgado, P.A., Tampa, FL, Theron Coleman Simmons, Brittany Elizabeth Nu-

gent, Vernis & Bowling of the Florida Keys, P.A., Islamorada, FL, for Defendants.

### FINAL ORDER OF DISMISSAL WITH PREJUDICE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE is before the Court on Defendants Key Largo Fire Rescue and Emergency Medical Services District (the "District") and Key Largo Volunteer Largo Fire and Rescue Department's (the "Department") (collectively, "Defendants") Motions to Dismiss Plaintiff Corey Freeman's ("Freeman") Second Amended Complaint. (DE # 80, 82). The Court is fully briefed on the matter and proceeds with the benefit of oral argument.[1] For the reasons explained more fully below, Defendants' above-styled motions are granted and the case is dismissed accordingly.

### I. BACKGROUND

Plaintiff Corey Freeman initiated this action against the Department on December 14, 2010, seeking minimum wage and overtime payments under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for services allegedly performed for the Department between October 2006 and March 2011. (DE # 1). On February 6, 2011, the Department filed its Answer and affirmatively defended by asserting, among other things, that Plaintiff was a volunteer firefighter and was thus not entitled to protection under the FLSA. (DE # 6).

1. Plaintiff filed his Response to the District's Motion to Dismiss on October 17, 2011(DE # 84), to which the District replied on October 27, 2011. (DE # 87). On October 21, 2011, Plaintiff filed his Response to the Department's Motion to Dismiss (DE # 86), to which the Department replied on November 1, 2011. (DE # 88). The Court heard oral argument on the above-styled motions, responses and replies on November 29, 2011. (DE # 90).

On March 15, 2011, counsel for the Department sent Plaintiffs counsel a letter which required Mr. Freeman to affirm that he is "donating [his] time to and for civic, charitable and/or humanitarian causes without promise, expectation, or receipt of compensation ..." in order to continue volunteering at the Key Largo Fire and Rescue Department. (*See* Declaration to Continue Volunteering, DE # 76–4). On this basis, Plaintiff moved to amend his complaint to add a claim of retaliatory discharge under 29 U.S.C. 215(a)(3) and to include the District as a defendant. (DE # 23). On May 27, 2011, the Court granted Plaintiff's Motion to Amend, (DE # 28), and Plaintiff filed a three-count Amended Complaint on June 2, 2011. (DE # 29).

In late June and early July, 2011, the Department and the District respectively moved to dismiss Plaintiff's Amended Complaint for failure to state a claim that Freeman is an employee under the FLSA and failure to allege any facts to state a claim for FLSA retaliation. (DE # 56, 64). Upon hearing oral argument on August 10, 2011, the Court granted Defendants' Motions with leave to amend within thirty (30) days. (DE # 75).

On September 9, 2011, Plaintiff filed a Second Amended Complaint ("SAC"), which is the subject of the instant dismissal motions. (DE # 76). Plaintiff's complaint is stated in four counts: Count 1 alleges that the Department violated FLSA as a private corporation by failing to pay Freeman minimum wage and overtime, (*id.* at ¶ 40); Count II alleges the District, acting through the Department, violated FLSA as a private corporation by failing to pay Freeman minimum wage and overtime, (*id.* at ¶ 41); Count III, pled in the alternative, alleges Defendants, as public agencies, failed to meet the public employee volunteer exception of § 203(e)(4) under the FLSA because Free-

man received more than a nominal fee to perform his service, (*id.* at ¶ 43); and Count IV alleges retaliatory discharge under § 215(a)(3) of the FLSA for requiring Freeman to sign the Declaration to Continue Volunteering. (*Id.* at ¶¶ 45–52 and Ex. D).

On September 29 and October 4, 2011, respectively, the District and the Department filed Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* DE # 80, 82). The Court held a hearing on the motions on November 29, 2011 and took the motions under advisement. (DE # 90).

## II. LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, all well-pled allegations must be accepted as true and the court is limited to pleadings and exhibits attached thereto. *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir.2000). However, to withstand dismissal, a plaintiff is required to plead more than "unwarranted factual deductions or legal conclusions masquerading as facts." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir.2003). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (U.S.2007). "[L]abels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.*

## III. ANALYSIS

Defendants seek dismissal of Plaintiff's Second Amended Complaint for the same reasons successfully asserted in Defendants' motions to dismiss Plaintiff's first

Amended Complaint[2]—namely, that Plaintiff's allegations fail to sufficiently demonstrate (1) an employer-employee relationship between Mr. Freeman and either Defendant, and (2) the existence of an agency relationship between the Department and the District.

## A. Counts I, II, and III: Recovery of Minimum and Unpaid Wage Compensation

Defendants argue Plaintiff's allegations are conclusory and devoid of facts sufficient to state a claim under the FLSA. Specifically, Defendants contend that Mr. Freeman fails to allege an employment relationship with either Defendant, fails to plead avoidance of exemptions to overtime under 13(b)(2) and 7(k) of the Act, and states legal conclusions regarding the definition of "enterprise," but fails to show enterprise or individual coverage under the Act.

■ To establish a *prima facie* case for failure to pay overtime compensation and/or minimum wages under FLSA, an employee must demonstrate: "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Anish v. Nat'l Sec. Corp.*, 2010 WL 4065433, at *2 (S.D.Fla. Oct. 15, 2010) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)). For the reasons stated below, Counts I, II and III of Mr. Freeman's SAC must be dismissed for failure to state a claim.

Mr. Freeman alleges that, at all times relevant to the SAC, he was an "employee" of the Department as defined by 29 U.S.C. § 203 and was "jointly employed" by the District pursuant to § 203 of the FLSA. (SAC, at ¶¶ 9–10, DE # 76). In addition, Mr. Freeman alleges that from October 2006 until March 15, 2011, he was not compensated for approximately $7,381.43 overtime hours and approximately $39,686.50 in minimum wage benefits. (*Id.* at ¶¶ 27–34; 40–41, 43 & Ex. 2). Mr. Freeman also alleges he was "paid more than a nominal amount" because the amount the District, through the Department, paid its personnel firefighters exceeded 20% of what the Department paid Mr. Freeman to perform the same services. (*Id.* at ¶ 19). Finally, Mr. Freeman alleges that the Department and its employees, including Mr. Freeman, "engaged in handling, maintaining, or otherwise working on goods or materials that have been moved in or produced in commerce, specifically firefighting machinery and vehicles owned by the DISTRICT and pursuant to their contract with the DISTRICT." (*Id.* at ¶ 6).

The Eleventh Circuit has unambiguously held that the FLSA does not apply to an individual in the absence of an employer-employee relationship under 29 U.S.C. §§ 206–07. *See Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir.Fla.1997). *See also Walling v. Portland Terminal Co.*, 330 U.S. 148, 67 S.Ct. 639, 91 L.Ed. 809 (1947) (holding subsection (g) defining "employ," was not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on premises of another).[3]

---

**2.** *Cf., e.g.,* Department's Motion to Dismiss Amend. Compl., at 3–9 (DE # 56) to Department's Motion to Dismiss SAC, at 4–13 (DE # 82). *Cf. also, e.g.,* District's Motion to Dismiss Amend. Compl., at 4–7 (DE # 64) to

District's Motion to Dismiss SAC, at 5–8 (DE # 80).

**3.** *See also* 29 C.F.R. § 553.106(e), which expressly contemplates volunteer firefighters

**1278**

■ Under the FLSA, an "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency ..." 29 U.S.C. § 203(d). To "employ" is defined as to "suffer or permit to work." 29 U.S.C. § 203(g). The determination of whether Plaintiff is an employee or a volunteer under FLSA is a question of law, *Patel v. Wargo*, 803 F.2d 632, 634 n. 1 (11th Cir. 1986) (citing *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1189 n. 11 (5th Cir.1979)), and individuals seeking compensation pursuant to the FLSA "bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act." *Purdham v. Fairfax County Sch. Bd.*, 637 F.3d 421, 427 (4th Cir.2011).

■ When analyzing whether an individual is an employee under the FLSA, the Supreme Court has held that courts should consider the FLSA's terms in light of the "economic reality" of the relationship between the parties. *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 936–37, 6 L.Ed.2d 100 (1961). The economic reality test inquiries into whether the alleged employer:

(1) had the power to hire and fire the employees;

(2) supervised and controlled employee work schedules or conditions of employment;

(3) determined the rate and method of payment; and

(4) maintained employment records. *Villarreal*, 113 F.3d at 205.

■ Defendants contend that the SAC fails to plead facts showing an employment relationship under any of these prongs. Specifically, Defendants assert that, as alleged, neither Defendant had the authority to hire and fire Mr. Freeman. Rather, "[t]he District ... require[d] KLFD to obtain the District's approval before it hire[d] employees and regulated the number, tasks, hours and conduct of all KLFD firefighters through its contracting, budgeting and approval process ..." (SAC, at ¶ 41, DE # 76). Moreover, as alleged, Defendants argue they did not supervise nor control Plaintiff's schedule. Instead, "[t]he days and shifts Freeman worked varied, *depending on his availability* and needs of the defendants," and Mr. Freeman typically spent only two days a week at the station. (*Id.* at ¶ 22) (emphasis added). Defendants also argue that, as alleged, they did not determine Mr. Freeman's rate and method of payment: "the District provided the money that KLFD used to pay the employees, some of which were deemed 'volunteers' by the District and KLFD ..." (*Id.* at ¶ 15). At the hearing, counsel for the District explained that the District set a budget, not a rate of pay per individual. According to Plaintiff's allegations, the volunteer aspect of the program was capped at $1,200 no matter how much Plaintiff worked, (*id.* at ¶ 26), and the contract between the District and the Department, attached as Exhibit A to Plaintiff's complaint, distinguishes "paid personnel" from "volunteer[s]." (*Id.* at Ex. 1, p. 5). Finally, neither Plaintiff nor Defendants could provide any employment records for Mr. Freeman. (DE # 82, at 6).

and states that a nominal fee "is not a substitute for compensation and must not be tied to productivity."

It is fundamental to alleging a FLSA claim that Mr. Freeman establish he was an employee of the Defendants at times material to this action. Conclusory allegations of employment are insufficient to withstand dismissal. For this reason alone, the Motions should be granted.[4] Although this action is before the Court at the motion to dismiss stage, it is clear that Plaintiff's claims cannot surpass the hurdle posed by the clear lack of an employment relationship between Plaintiff and Defendants. Allowing this case to proceed further would be a waste of the parties' time and resources, particularly given the well-known expenses of discovery and litigation.

### B. Count IV: Retaliation

With respect to the remaining arguments made by the Defendants regarding the retaliation claim stated in Count IV of the SAC, the Court finds at this juncture that, notwithstanding Plaintiff's inability to allege an employment relationship, Count IV should be dismissed with prejudice because Plaintiffs fails to allege sufficient facts to establish that Mr. Freeman has suffered any harm or that the District acted unlawfully.

"The FLSA protects individuals from retaliation for asserting their rights under the statute by making it unlawful for an employer 'to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding....'" *Wigley v. Western Florida Lighting Inc.*, 2005 WL 3312319, at *4 (M.D.Fla. Dec. 7, 2005) (quoting 29 U.S.C. § 215(a)(3)). "To prove retaliation under the FLSA, a plaintiff must show that: (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's protected activity and the adverse employment action." *Id.* (citing *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir.2000)).

Defendants contend that Plaintiff fails to allege a *prima facie* case for retaliation in that neither the Department's counsel's March 15th letter, nor its contents, constitute an "adverse employment action" against Plaintiff, citing *Munroe v. Parts-Base, Inc.*, 2008 WL 4998777, at *2 (S.D.Fla. Nov. 20, 2008). Specifically, the letter attached to Plaintiff's SAC at Exhibit D states: "The Key Largo Volunteer Fire and Rescue Department welcomes those (including your client) [referring to Plaintiff, Corey Freeman] who wish to volunteer their time to the civil, charitable and humanitarian causes it pursues." (DE # 76-4, at 1).

Moreover, the District asserts that Mr. Freeman's claim for retaliation claim must fail because he did not allege facts which, if proved, could establish the existence of an agency relationship between the District and the Department. (DE # 80, at 5). The District correctly notes that none of the allegations within Count IV implicate or allege actions taken by the *District* since the letter was sent by the *Department's* attorney on behalf of the *Department*. (*See* SAC, at ¶¶ 44–52, DE # 76). While Plaintiff has added the allegation that, "[u]pon information and belief, the DISTRICT approved of the actions taken by counsel for KLFD," (*id.* at ¶ 47), he does not cite any specific facts to support

---

4. Since Plaintiff fails to allege facts sufficient to establish the first prong of its *prima facie* or failure to pay overtime compensation and/or minimum wages under FLSA, i.e., an employment relationship, the Court need not reach the issues of enterprise and individual coverage, nor the fire protection exemptions under 13(b)(20) and 7(k) of the Act.

the legal conclusion. Plaintiff's failure to allege sufficient facts to demonstrate an agency relationship between the District and the Department are fatal to Count IV.

Thus, for the reasons stated above, this Court grants Defendants' Motion to Dismiss Count IV of Mr. Freeman's SAC with prejudice.

## IV. CONCLUSION

Accordingly, after a careful review of the record, consideration of the argument of counsel, and being otherwise fully advised, it is

**ORDERED, ADJUDGED** and **DE-CREED** that:

1) Defendants' Motions to Dismiss (DE # 80, 82) be, and the same, are hereby **GRANTED with prejudice** and the case is dismissed accordingly.

2) All pending motions not otherwise ruled upon are **DENIED AS MOOT.**

3) This case is **CLOSED.**